# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ELLIS DAWKINS,**                                                               **PETITIONER**

**v.**                                                                **No. 3:05CV119-M-A**

**STATE OF MISSISSIPPI, ET AL.**                                          **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Ellis Dawkins (# L2478) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

### Facts and Procedural Posture

On August 19, 2002, the Circuit Court of Marshall County, Mississippi, entered judgment against the petitioner pursuant to a guilty plea for capital rape; the court sentenced the petitioner to serve twenty years, with ten years suspended and five years supervised release in the custody of the Mississippi Department of Corrections. There is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. On October 2, 2003, the petitioner filed a motion for post-conviction relief in the Circuit Court of Marshall County. That motion was denied on November 12, 2003. The petitioner appealed, and the Mississippi Court of Appeals affirmed the denial of post-conviction relief. The petitioner filed the instant federal petition for a writ of *habeas corpus* September 26, 2005.

**Discussion**

Resolution of this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) *A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –*

> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

The AEDPA thus requires that federal *habeas corpus* petition be filed within one year of the date that the petitioner's conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert denied,* 119 S.Ct. 847 (1999). None of the exceptions of 28 U.S.C. § 2244(d)(1)(B - D) apply in this case. The petitioner's conviction therefore became final on September 18, 2002, thirty days after he was sentenced on his guilty plea. *Acker v. State*, 797

So.2d 966 (Miss. 2001). Hence, the deadline for the petitioner to submit a properly filed state application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) – and thus toll the federal one-year statute of limitations – was September 18, 2003. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). The petitioner did not meet the deadline because the instant petition was filed October 2, 2003, fourteen days after that deadline expired. The petitioner thus did not enjoy the benefit of statutory tolling under 28 U.S.C. § 2244(d), and he does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the petitioner did not date the federal petition when he signed it. It was received and stamped "filed" in the district court on September 26, 2005. Giving the petitioner the benefit of the doubt and allowing three days for mailing, the instant petition was filed on September 23, 2005, some 736 days after the September 18, 2003, filing deadline. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of August, 2006.

                                                /s/ Michael P. Mills
                                                **UNITED STATES DISTRICT JUDGE**